UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RUFUS TREVILLION, SR. AND LOLETTE TREVILLION** | **:** | **CIVIL ACTION NO. 2:18-cv-610** |
| **VERSUS** | **:** | **UNASSIGNED DISTRICT JUDGE** |
| **UNION PACIFIC RAILROAD** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a partial motion to dismiss and request for attorney fees filed by defendant Union Pacific Railroad ("Union Pacific.") Doc. 12. The motion is unopposed.

This motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**FACTS AND PROCEDURAL HISTORY**

On August 13, 2014, Rufus Trevillion, Sr. (hereafter "Trevillion") was performing his job as Union Pacific's "Lead Bridge Tender" when a heated exchange took place between him and another Union Pacific employee. Doc. 1, pp. 3-4. Trevillion alleges that, after advising this employee about the need to conduct maintenance on one of the bridges maintained by Union Pacific, the employee became "belligerent," and assaulted him. *Id.* at 4.

Following the incident, Trevillion was sent home by his supervisor. *Id*. Plaintiff also alleges that the following day he received a telephone call and was informed that he was "pulled out of service." *Id.* at p. 5. By certified letter dated August 18, 2014, plaintiff alleges his employer

asked that he undergo a medical review "based on Supervisor-Requested Evaluation" and he was told that, "once medical cleared him, he would be required to return to work." Plaintiff describes the course of action between him and defendant during the relevant time period and then finally concludes that, since August 14, 2014, he has never returned to work. *Id.* at p. 9. He indicates Union Pacific granted him an initial "Medical Leave of Absence" from August 15, 2014 to October 15, 2014, that was eventually extended through January 31, 2015. *Id.* at 8. Plaintiff asserts that he never applied for this leave and that, despite having seen several doctors who found nothing medically wrong with him, Union Pacific hired a replacement for him on September 26, 2014. *Id.* at 7-8.

On February 6, 2015, Trevillion filed a complaint of racial discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC.") *Id.* at 9. On September 26, 2015, he amended his EEOC complaint to include violations of the Americans with Disabilities Act ("ADA.") *Id.* On February 8, 2018, the EEOC issued him a right to sue letter. *Id.*

On May 4, 2018, Trevillion, and his wife, Lolette Trevillion, filed suit against Union Pacific in this court. *Id.* The petition alleges Union Pacific was discriminatory, retaliatory, and negligent in violation of state and federal law. *Id.* at 10-17.

On November 2, 2018, Union Pacific filed the instant partial motion to dismiss and request for attorney fees. Doc. 12. Defendant asserts that all of plaintiffs' theories of recover under state law are time barred and/or barred by state law. *Id.* at 1. Additionally, it seeks attorney fees pursuant to La. R.S. 23:303(B) and La. R.S. 23:967(D). *Id.* Defendant's motion is unopposed.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a

motion, the court should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Billups v. Credit Bureau of Greater Shreveport*, 2014 WL 4700254, *2 (W.D. La. 2014) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). However, "[w]hile the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994).

### A. Prescription of State Law Claims

"Louisiana law states that 'delictual actions are subject to a liberative prescription of one year,' which 'commences to run from the day injury or damages is sustained.'" *Tigert v. American Airlines Inc.*, 390 Fed.Appx. 357, 359 (5th Cir. 2010) (quoting La. Civ. Code art. 3492). Although the Louisiana Whistleblower Statute, La. R.S. § 23:967, does not have a statue-specific prescriptive period "Louisiana courts typically apply the general one-year statute of limitation to these claims." *Williams v. Otis Elevator Co.*, 557 Fed.Appx. 229, 302 (5th Cir. 2014) (citing *Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2, 01-175*, 790 So.2d 725, 733 (La.App. 5 Cir. 2001)).

Louisiana state law claims for discrimination, retaliation and harassment arise under La. R.S. § 23:301 *et seq.* These claims are subject to a one-year prescriptive period subject to a suspensive period of no longer than six months "during the pendency of any administrative review

or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights." La. Rev. Stat. §23:303(D). Accordingly, the maximum prescriptive period is eighteen months. *See Williams*, 557 Fed.Appx. at 302.

In their petition plaintiffs assert five claims under Louisiana state law.[1]  Doc. 1, pp. 13-16. Count IV, V, and VII are state law claims for discrimination, retaliation and harassment under La. R.S. § 23:301 *et seq. Id.*  Count VI is a state law claim under the Louisiana Whistleblower Statute, La. R.S. § 23:967. *Id.* at 14-15.  Count VIII is a claim of negligent supervision governed generally by La. Civ. Code. art. 2315. *Id.* at 16.

In seeking dismissal of these state law claims defendant asserts that all these claims are time barred and/or barred by state law. Doc. 12, att. 1, pp. 4-7. Based on our review of the record, we need only address defendant's arguments related to the prescription of these claims.

Under the most liberal reading of the petition possible, the date the allegedly discriminatory conduct abated was January 31, 2015—the date Trevillion's medical leave of absence with Union Pacific ended. Doc. 1, p. 8.  Accordingly, even if Count IV, V, and VII were suspended six months pending the review of Trevillion's EEOC complaint, these claims prescribed in 2017.  Count VI and VIII prescribed on January 31, 2016.

Accordingly, plaintiffs' state law claims are time barred and should be dismissed.

### B.  Claims by Lolette Trevillion

The petition does not allege any direct contact between Lolette Trevillion and Union Pacific.  Doc. 1.  Accordingly, her only claims under state law are derivative of her husband's injuries and are extinguished with the dismissal of the other state law claims. *Cf. Ferrell v.*

---

[1] It is unclear whether "Count VII," alleging Trevillion was "subjected to a hostile work environment," is pled under state or federal law.  To the extent it is asserted under state law we have considered it herein.  Doc. 1, p. 15.

*Fireman's Fund Ins. Co.*, 696 So.2d 569 (La. 1997) (finding a loss of consortium claims to be derivative of the primary victim's injuries and not a separate bodily injury).

### C. Request for Attorney Fees

"[T]he Louisiana Employment Discrimination Law ("LEDL") authorizes an award of reasonable attorney's fees to a prevailing defendant in a race discrimination action . . . if the Court finds that plaintiff 'brought a frivolous claim.'" *Millon v. Johnston*, 1999 WL 358968, *2 (E.D. La. 1999) (citing La.Rev.Stat. Ann. § 23:333 (West 1998) (repealed)). Similarly, attorney fees are authorized pursuant to La. R.S. § 23:303(B) if plaintiff's claims are "frivolous," and under the Louisiana Whistleblower Statute if plaintiff's claims are "brought in bad faith." La. R.S. § 23:967(D). "When considering whether a suit is frivolous, a district court should look to factors such as whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000) (citing *US v. State of Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991)).

Defendant argues it should be awarded attorney fees because plaintiffs' state law claims are prescribed on the face of the complaint. Doc. 12, att. 1, p. 9. Moreover, defendant has attached to its motion an email sent to plaintiff on September 26, 2018, requesting plaintiff voluntarily dismiss his claims in lieu of a motion to dismiss. Doc. 12, att. 2. In this email defendant cites the applicable legal authorities and details how each of plaintiffs' state law claims are prescribed. *Id.*

We agree that the law is clear, and plaintiffs should have voluntarily dismissed their claims. Accordingly, we recommend that defendant be granted the attorney fees and costs associated with the filing of the instant motion. In the event our recommendation is adopted by the district court, defendant is directed to submit a bill of costs and affidavit or other document supporting the amount of the attorney fees associated with the instant motion to the court within thirty (30) days.

## III.
### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the partial motion to dismiss [doc. 14] be **GRANTED** and that defendant be awarded the attorney fees and costs associated with the filing of its instant motion. **IT IS FUTHER RECOMMENDED** that all state law claims asserted against defendant be dismissed. In the event our recommendation regarding attorney fees and costs is adopted by the district court, defendant is directed to submit a bill of costs and an affidavit or other document supporting the amount of attorney fees associated with the instant motion to the court within thirty (30) days.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5 Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of April, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE